NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HECTOR ERNESTO SOTO, *Appellant.*

No. 1 CA-CR 14-0417
FILED 8-11-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-000423-001
The Honorable David B. Gass, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole T. Farnum
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

**¶1**         Hector Soto appeals his conviction of voyeurism, a class 5 felony, and the resulting imposition of probation.  Soto's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous.  Soto was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm Soto's conviction and the imposition of probation.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Soto and the victim's grandmother[1] had a relationship on and off beginning in 1998.  Soto became a father figure to the victim and her siblings.

**¶3**         In April 2011, Soto was looking after the victim and her siblings at their grandmother's house.  While the victim was taking a shower, Soto entered the bathroom, opened the shower curtain and "looked [the victim] up and down" for "[a] little bit less than a minute," then told her to hurry up and get out of the shower.  Soto admitted that he opened the shower curtain and saw the victim naked.  The victim was 13 years old at the time.

**¶4**         Soto was charged with voyeurism stemming from this shower incident.  He was also charged with two counts of child molestation, one count of sexual abuse, and an additional count of voyeurism, based on other alleged conduct with the victim.  Soto was convicted of one count of voyeurism, but was acquitted of the remaining counts.  The jury found

---

[1]     The victim's grandmother adopted the victim and her two siblings; they refer to her as "mom."

emotional harm to the victim as an aggravating circumstance, and the court suspended sentence and placed Soto on two years of supervised probation, without sex offender terms.  Soto timely appealed.

## DISCUSSION

**¶5**          We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  We find none.

**¶6**          Soto was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Soto all his rights under the United States and Arizona Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict.  The period of probation imposed falls within the range prescribed by law.

**¶7**          After the filing of this decision, defense counsel's obligations pertaining to Soto's representation in this appeal will end after informing Soto of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).  Soto shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶8**          Soto's conviction and the imposition of probation are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: RT

3